

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o JT INTERNATIONAL S.A.

                Plaintiff

        -against-

A.P. MOLLER-MAERSK A/S d/b/a MAERSK
LINE

                Defendant.
-----------------------------------------------------------------X

2008 Civ.

**COMPLAINT**

     Plaintiff, Fireman's Fund Insurance Company a/s/o JT International S.A. (hereinafter "FFIC"), by and through its attorneys, Casey & Barnett, LLC as and for its Complaint against A.P. Moller-Maersk A/S d/b/a Maersk Line alleges upon information and belief as follows:

### PARTIES

     1.    At all material times, Fireman's Fund Insurance Company was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, New York 10005 and is the subrogated underwriter of two consignments of tobacco laden aboard the M/V LUNA MAERSK and the M/V MARIE SCHULTE, as more fully described below.

     2.    At all material times, JT International S.A. was and is foreign corporation with an office and place of business located at 1, Rue de la Gabelle, 1211 Geneva, 26, Switzerland and

was the owner of two consignments of tobacco laden on board the M/V LUNA MAERSK and the M/V MARIE SCHULTE, as more fully described below.

3.  Upon information and belief, at all times hereinafter mentioned, defendant, A.P. Moller-Maersk A/S d/b/a Maersk Line (hereinafter "MAERSK" or "defendant"), was and still is a business entity duly organized and existing under the law of a foreign country, with an office and place of business at 2 Giralda Farms, Madison Avenue, P.O. Box 880, Madison New Jersey 07940, and who was and is now engaged in the business of common and/or private carriage of merchandise by water for hire and was the owner and/or disponent owner and/or charterer and/or manager and/or operator of the vessels including the M/V LUNA MAERSK and M/V MARIE SCHULTE.

## JURISDICTION

4.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## COUNT I
## FFIC v. DEFENDANT

5.  The plaintiff hereby incorporates by reference the allegations in paragraphs one through four as if set forth at length herein.

6.  On or about August 18, 2007, a consignment consisting of 25 containers of unmanufactured Brazilian flue-cured tobacco owned by and/or consigned to JT International S.A., then being in good order and condition, was delivered to the defendant and the M/V LUNA MAERSK, at the port of Rio Grande, Brazil, for carriage aboard the M/V LUNA MAERSK, to the port of Antwerp, Belgium, all in consideration of an agreed freight and in accordance with

the terms of one or more bills of lading, including bill of lading number MAEU523634761, which were then and there signed by the duly authorized agent, representative and/or employee of the defendant and the M/V LUNA MAERSK.

7.  On or about September 17, 2007, the consignment of tobacco was discharged at the port of Antwerp, Belgium and found not to be in the same good order and condition as when delivered to the defendants, but had sustained damages during transit.

8.  Upon inspection, it was determined that during the voyage 8 cases of tobacco from container numbered MSKU9876638 were damaged due to exposure to water.

9.  As a result of the damages sustained to the shipment during transit, JT International S.A. sustained a loss in the amount of $2,000.00.

10. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants, their employees, contractors, agents and servants.

11. At all times relevant hereto, a contract of insurance for property damage was in effect between JT International S.A. and FFIC, which provided coverage for, among other things, loss or damage to the subject consignment.

12. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

3

13. FFIC brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and FFIC is entitled to maintain this action.

14. FFIC and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

15. By reason of the foregoing, FFIC has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $2,000.00.

16. All and singular the matters alleged herein are true and correct. FFIC reserves the right to amend and supplement this complaint, as further facts become available.

## COUNT II
### FFIC v. DEFENDANT

17. The plaintiff hereby incorporates by reference the allegations in paragraphs one through sixteen as if set forth at length herein.

18. On or about July 7, 2007, a consignment consisting of 22 containers Argentine unmanufactured flue-cured Virginia strips tobacco, owned by and/or consigned to JT International S.A., then being in good order and condition, was delivered to the defendant and the M/V MARIE SCHULTE, at the port of Buenos Aires, Argentina, for carriage aboard the M/V MARIE SCHULTE, to the port of Antwerp Belgium, all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, including bill of lading number MAEU523285988, which were then and there signed by the duly authorized agent, representative and/or employee of the defendant and the M/V MARIE SCHULTE.

19. On or about August 9, 2007, the consignment of tobacco was discharged at the port of Antwerp, Belgium and found not to be in the same good order and condition as when delivered to the defendants, but had sustained damages during transit.

20. Upon inspection, it was determined that during the voyage 14 cases of tobacco from container numbered MSKU9666647 and container numbered MSKU8786951 were damaged due to exposure water.

21. As a result of the damages sustained to the shipment during transit, JT International S.A. sustained a loss in the amount of $4,500.00.

22. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants, their employees, contractors, agents and servants.

23. At all times relevant hereto, a contract of insurance for property damage was in effect between JT International S.A. and FFIC, which provided coverage for, among other things, loss or damage to the subject consignment.

24. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendants.

25. FFIC brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and FFIC is entitled to maintain this action.

26. FFIC and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

27. By reason of the foregoing, FFIC has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $4,500.00.

28. All and singular the matters alleged herein are true and correct. FFIC reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. The Court order, adjudge and decree that defendant, A.P. Moller-Maersk A/S d/b/a Maersk Line, be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post-judgment interest thereon and their costs.

2. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
April 16, 2008
299-469
299-484

CASEY & BARNETT, LLC
Attorneys for Plaintiffs

By: _____
Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225